IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Murphy Cimbollek, <br><br> Petitioner, <br><br> v. <br><br> Director of Union County Detention Center, <br><br> Respondent. | C/A No. 6:23-cv-1805-SAL <br><br><br> **ORDER** |

Petitioner Robert Murphy Cimbollek, a pretrial detainee proceeding pro se and in forma pauperis, filed this action pursuant to 28 U.S.C. § 2241 for habeas relief. This matter is before the court on the Report and Recommendation (the "Report") of Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending dismissal of Petitioner's action without prejudice. [ECF No. 14.]

### BACKGROUND

As outlined in the Report, Petitioner filed this action as a pretrial detainee. He filed his petition in April 2023 alleging he is being denied a speedy trial, has been held for over 800 days, and has been denied bond. [ECF No. 1.] The magistrate judge recommends that Petitioner's § 2241 petition be dismissed without prejudice, without leave to amend, and without issuance and service of process. [ECF No. 14.] Attached to the Report was a notice advising Petitioner that he had the right to file objections to the Report and that he had fourteen days to do so. *Id.* at 7. On June 13, 2023, the court received Petitioner's objections. [ECF No. 16.] This matter is ripe for this court's review.

1

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal

construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The relevant facts and standards of law on this matter are incorporated from the Report. In summation, Petitioner challenges a pending state criminal case in state court and asks that a trial date be set. The magistrate judge recommended dismissal of Petitioner's habeas action because Petitioner failed to exhaust his state remedies. [ECF No. 14 at 3–4.] Additionally, the magistrate judge found dismissal appropriate based on abstention grounds due to Petitioner's pending state proceedings and his ability to pursue his claims in state court. *Id.* at 4–6.

Petitioner objects to the Report. Largely, Petitioner's objections consist of general disagreements with the magistrate judge's findings and assertions of his constitutional rights, but these general objections fail to point the court to any specific error in the Report. *See* ECF No. 16; *Elijah*, 66 F.4th at 460 ("'Just as a complaint stating only "I complain" states no claim, an objection stating only "I object" preserves no issue for review.'" (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). For example, Plaintiff reasserts he has not received due process because he is still awaiting trial after being in custody for 855 days at the time of his objections. *Id.* at 1. Petitioner also suggests Union County habitually deprives defendants of fair and speedy trials. *Id.* He argues that parts of the Report "makes it seem like [state officials] are hard it work," which according to Petitioner is "false." *Id.* at 2. Petitioner references three separate occasions where state officials allegedly collected DNA and/or fingerprint evidence from Petitioner "as a stall tactic" to justify his continued detention. *Id.* Petitioner's

3

disagreements with the report do not overcome the recommended reasons for dismissal—Petitioner's failure to exhaust and *Younger* abstention.

However, as to the issue of exhaustion, Petitioner alleges that he wrote the state supreme court twice in 2022, to no avail. [ECF 16 at 3.] This assertion does not demonstrate that he has properly exhausted his speedy trial claim. A pretrial detainee may file a petition for writ of habeas corpus under 28 U.S.C. § 2241(c)(3) only after exhausting the available state court remedies. 28 U.S.C. § 2241(c)(3); *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995). This requires a petitioner to "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). For speedy trial claims, a petitioner must first seek to enforce his right to a speedy trial in state court and, failing that, seek dismissal of the charges in state court based on the unconstitutional delay. *Kane v. State of Va.*, 419 F.2d 1369, 1373 (4th Cir. 1970). There is no indication that Petitioner has properly exhausted his speedy trial claim in state court. Accordingly, this objection is overruled.

Further, based on the court's review, the magistrate judge aptly described why dismissal is appropriate under the *Younger* abstention doctrine, which precludes federal courts from intervening in ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37, 45 (1971)). Of particular import here, one of the criteria for determining if such "narrow and extraordinary" circumstances are present is whether "there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). This court has also looked at the

4

docket in Petitioner's state court case, and it appears there has been movement there since the Report and objections were filed. In particular, in April 2024, an order for a competency evaluation was filed. *See State of South Carolina v. Robert Murphy Cimbollek*, Union County Public Index, https://publicindex.sccourts.org/Union/PublicIndex/CaseDetails.aspx (enter Petitioner's name and 2021A4410100036, 2021A441010037) (last visited April 29, 2024). Prior to that, a notice of representation and *Brady* motions were filed in January 2024, and an order for professional services was entered in August 2024. While Petitioner is dissatisfied with his case, there are procedures in place that protect his constitutional rights without this court's pretrial intervention, and the court finds Petitioner will not suffer irreparable injury by this court's dismissal of his petition. *See Gilliam*, 75 F.3d at 903; *Younger*, 401 U.S. at 43–44. Consequently, this court abstains from intervening in Petitioner's state proceedings.

**CONCLUSION**

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report and **ADOPTS** the Report, ECF No. 14. For the reasons discussed above and in the Report, Petitioner's § 2241 petition is **DISMISSED without prejudice, without leave to amend, and without issuance and service of process**.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

**IT IS SO ORDERED.**

May 2, 2024                                             Sherri A. Lydon
Columbia, South Carolina                    United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."